IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HENRY J. FORDHAM, JR. | § | |
| | § | |
| Defendant Below, | § | No. 388, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2404013625 (K) |
| | § | |
| Appellee. | § | |

Submitted:  October 15, 2024
Decided:  November 14, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On September 16, 2024, the appellant, Henry J. Fordham, Jr., filed a notice of appeal from the Superior Court's August 12, 2024 order sentencing him for a violation of probation ("VOP").  Under Supreme Court Rule 6, a timely notice of appeal would have been filed on or before September 11, 2024.  The Senior Court Clerk issued a notice directing Fordham to show cause why this appeal should not be dismissed as untimely filed.

(2)     In his response to the notice to show cause, Fordham stated that he did not know that he had thirty days to file an appeal, another inmate told him that he

could file an appeal at any time, and he suffers from mental health issues. At the Court's request, the State and Fordham's VOP counsel filed responses. Fordham's counsel stated that Fordham was provided with written advice regarding an appeal from a VOP. She submitted a copy of the advice form given to Fordham. The form advised Fordham that he had thirty days to file a notice of appeal and that VOP counsel would not pursue an appeal for him.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(4) The record does not reflect that Fordham's failure to file a timely notice of appeal of the August 12, 2024 VOP order is attributable to court-related personnel. Consequently, this case does not fall within the exception to the rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice